IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,   CASE NO. 97-cr-076-DRD

Plaintiff-Respondent,

vs.                         EX PARTE

RAMON FERNANDEZ-MALAVE,

Defendant-Petitioner,
_____/

MOTION FOR APPOINTMENT OF COUNSEL

TO THE HONORABLE COURT:

NOW COMES, the Defendant-Petitioner, Ramon Fernandez-Malave, pro-se, pursuant to 18 U.S.C. § 3006A (C.J.A.), respectfully request this Court appoint counsel to prepare and file on his behalf, a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. 2255, for the following reasons:

1. The Petitioner is unable to afford counsel, and the issues involved in this case are complex.

2. The Petitioner, does not speak, read or write any English, has only a limited school education, and has not legal education.

3. The Petitioner is being housed in the State Correctional Complex, known as "El Montruo Verde", in Penuelas, Puerto Rico, at a maximum security section (23 hours lock-down), and is being denied "adequate assistance from persons trained in the law."

4. The Petitioner is being denied access to the Court in that he does not have access to a constitutionally adequate law law library, which prevent him from access to legal materials from the Feedral jurisdiction needed for this purposes.

5. The constitutional right of access to the courts assures that prisoners have the tools they need in order to defend against criminal charges, attack their convictions and sentences (directly or collaterally), and bring civil rights claims challenging the conditions of their confinement. See, e.g., **Lewis v. Casey**, 518 U.S. 343, 350-55, 116 S.Ct. 2174, 135 L. Ed 2d 606 (1996).

6. Appointment of counsel is a valid means of fully satisfying state's constitutional obligation to provide prisoners, with access to the courts, as required by contitutiomal guarantees of equal protection and due process. U.S.C.A. Const. Amends. 5, 14. See, also, **Bourdon v. Loughren**, 386 F. 3d 88 (2d Cir. 2004).

7. That in his motion to set aside his conviction or to vacate his sentence the Petitioner would alleges some **Apprendi/Blakely** errors and that he was denied the effective assistance of counsel guaranteed by the Sixth Amendment of the United States Constitution.

8. That in order to prove these claims, which if proven would entitled the defendant-petitioner to the relief he seeks, he must have access to the court. Due to the reality of Puerto Rico prisons system, without the assistance of counsel the defendant-petitioner will be precluded from presenting to this Court his motion to vacate, set aside or correct sentence, in violation of his "right to sue and defend in the Courts." See, e.g., **Chambers v. Baltimore & Ohio R.R. Co.**, 207 U.S. 142, 148, 28 S. Ct. 34, 52 L. Ed 143 (1907).

**WHEREFORE,** the Defendant-Petitioner's motion for appointment of counsel to prepare and file on his behalf, a motion to vacate, set asisde or correct sentence should be granted.

RESPECTFULLY SUBMITTED.

*1- Marzo -05*
Dated

/Ramon Fernandez-Malave, pro-se
Institucion Maxima Seguridad
Seccion C-2, Celda #2015
P.O.Box 900
Penuelas, PR  00624

## CERTIFICATION

I, **RAMON FERNANDEZ-MALAVE**, pro-se, certify under penalty of perjury that all the foregoing is true and correct.  28 USC § 1746.

RESPECTFULLY SUBMITTED.

*1- Marzo -05.*
Dated

Ramon Fernandez-Malave, pro-se
Institucion Maxima Seguridad
Seccion C-2, Celda #2015
P.O.Box 900
Penuelas, PR 00624

---

\* This motion has been prepared at FCC-USP, Coleman, FL 33521 and mailed to Mr. Fernandez-Malave by his co-defendant.